IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOLLI TRISH CABRERA, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. SAG-12-cv-0041 |
| | * | |
| WESTERN EXPRESS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

******

**MEMORANDUM**

Pending before this court is a motion for summary judgment filed by Defendants Western Express, Inc. ("Western Express") and Donta Cornelius Brown (collectively "Defendants") [ECF No. 39]. The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the motion will be granted.

**I. Factual Background**

Because Defendants have moved for summary judgment, the facts are construed in the light most favorable to Plaintiffs Molli Cabrera and Darlene Carter (collectively, "Plaintiffs"). At approximately 6:15 p.m. on December 17, 2009, Ms. Cabrera was driving her vehicle with Ms. Carter as a passenger. Compl. ¶¶ 6, 7, 11. In the right travel lane of westbound I-70, a Western Express truck driven by Mr. Brown collided with the rear of Ms. Cabrera's vehicle. Compl. ¶¶ 12-13. Ms. Cabrera and Ms. Carter allege injury from the accident. Compl. ¶¶ 14-15.

**II. Legal Standards**

A motion for summary judgment is granted under Rule 56 of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990). Summary

judgment is precluded only when there are disputes over the facts that might affect the outcome of the proceedings under the applicable law. Factual disputes that are not relevant or not necessary will not be considered in a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of showing that there is not evidence to support the non-moving party's case, and the moving party must only show an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response, the non-moving party must show that there is a genuine issue for trial. A court must decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 242-43.

Because the source of this Court's jurisdiction over this state law tort action is the parties' diversity of citizenship, 28 U.S.C. § 1332 (1994), the rule of *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938), requires the application of the law of Maryland, the forum state, to questions of substantive law. *See Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 290-91 (4th Cir. 2010).

### III. Analysis

Defendants argue that summary judgment is appropriate because Plaintiffs offer no evidence of negligence on the part of either Defendant. Because the alleged liability of Defendant Western Express is based on a theory of agency, the relevant question is whether the driver, Mr. Brown, acted in a negligent manner. Defendants contend that none of the eyewitnesses can establish any negligent conduct on the part of Mr. Brown, and that no permissible inference of negligence can be drawn from the circumstances of the accident. Defendants further contend that application of the "boulevard rule" prevents Ms. Cabrera's

recovery. Because Plaintiffs offer no evidence of negligent conduct by the Defendants, summary judgment is warranted.

Defendants argue that Plaintiffs cannot make a *prima facie* case of negligence. To establish negligence in Maryland, "a plaintiff must show that: (1) the defendant was under a duty to protect the plaintiff from injury; (2) the defendant breached that duty; (3) the plaintiff suffered actual injury or loss; and (4) the loss or injury proximately resulted from the defendant's breach of the duty." *Quigley v. United States*, No. DKC–11–3223, 2012 WL 993410, at *8 (D. Md. Mar. 22, 2012) (citing *Valentine v. On Target, Inc.*, 727 A.2d 947, 949 (Md. 1999)); *Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, No. PWG–10–2268, 2011 WL 5505376, at *10 (D. Md. Nov. 10, 2011) (citing *Jacques v. First Nat'l Bank*, 515 A.2d 756, 758 (Md. 1986)).

The duty owed by one driver to another is well-established. In Maryland, "every automobile driver must exercise toward other travelers on the highways that degree of care which a person of ordinary prudence would exercise under similar circumstances." *Brehm v. Lorenz*, 206 Md. 500, 505 (1955). To prove negligence, then, Plaintiffs have to establish that Mr. Brown failed to comply with that duty of care. Plaintiffs have not done so.

Discovery is concluded in this case. The parties deposed the two Plaintiffs and the two eyewitnesses to the accident, Dwayne Hamill and Joe Carter.[1] A review of the transcripts of the four depositions establishes that none of the witnesses can testify about the actions of Mr. Brown's truck prior to the accident. Ms. Cabrera testified that she did not see the truck at any time before the accident. Cabrera Dep. at 54:2-15. Ms. Cabrera also acknowledged that she had no idea what the truck driver was doing before the impact, and could not recall anything that the truck driver said after the accident. Cabrera Dep. at 62:3-18. Ms. Carter admitted that she "is

---

[1] The Defendant truck driver, Mr. Brown, has failed to defend the case and has not appeared for any scheduled deposition.

uncertain specifically how this accident occurred, in that she was a passenger in the vehicle and not necessarily paying attention." D. Carter Ans. to Interrog. No. 12.  Ms. Carter also did not see whether there was oncoming traffic, and was "definitely" surprised when Ms. Cabrera's vehicle got hit.  *See* D. Carter Dep. at 42:13-20.  Mr. Hamill testified that he did not actually see the impact, and he could not actually recall seeing the truck or Ms. Cabrera's car before impact.  Hamill Dep. at 23:17-18, 41:8-42.  Joe Carter testified that he had seen a truck, but he was not sure it was the same truck that made contact with Ms. Cabrera's car.  J. Carter Dep. at 16:4-20:20.  Joe Carter further testified that the truck he saw "didn't seem to be going that fast."  He had no concern that the truck would hit his car or Ms. Cabrera's car.  *Id.*

The facts, then, taken in the light most favorable to Plaintiffs, simply establish that Mr. Brown's moving truck collided with the rear of Plaintiffs' moving car on I-70 westbound.  Plaintiffs have adduced no evidence that Mr. Brown failed to keep a proper lookout, failed to obey speed restrictions, failed to maintain proper distance between his vehicle and Ms. Cabrera's, failed to control his truck, or otherwise failed to exercise the requisite degree of care.  There is, therefore, an absence of evidence supporting Plaintiffs' negligence claim.

This absence of evidence is fatal.  As the Supreme Court has stated:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex*, 477 U.S. at 322-23.  Here, discovery is complete, negligence is an essential element of Plaintiffs' case, and Plaintiffs have failed to provide any evidence of Mr. Brown's negligence.  Summary judgment, therefore, is warranted.

Plaintiffs contend that negligence can be inferred because the accident involved a rear-end collision, citing *Andrade v. Housein*, 810 A.2d 494 (Md. Ct. Spec. App. 2002). In a case involving a rear-end collision, however, the Maryland Court of Appeals has stated:

> [I]n any action for damages the court is not justified in inferring negligence merely from possibilities. A mere surmise that there may have been negligence on the part of the defendant will not justify the court in submitting the case to the jury. The plaintiff must produce some evidence that the defendant, either by his act or omission, violated some duty incumbent upon him that caused the injury. If there is no evidence upon which a rational conclusion may be based in support of the plaintiff's claim, the court should withdraw the case from the jury.

*Brehm*, 206 Md. at 506; *see also Finney v. Frevel*, 183 Md. 355, 362 (1944) ("This Court has said many times that there must be evidence legally sufficient to prove negligence and to connect that negligence with the injury before a Court is justified in allowing the case to go to the jury.").

Moreover, this case is easily distinguishable from the facts and the holding in *Andrade*. The *Andrade* Court determined that, "a true evidentiary presumption of negligence arises where a vehicle is lawfully stopped on a highway awaiting for traffic to clear before entering an intersecting highway and that vehicle is suddenly struck from behind by another vehicle." *Id.* at 623. In this case, where both vehicles were moving at the time of the collision, no such inference of negligence can be drawn simply because the collision involved the front of one vehicle and the rear of another. The accident could have been caused by negligence on the part of either driver, or it could have occurred even though neither driver was negligent. This case therefore falls within province of *Brehm*, where the court stated, "[w]e specifically hold that the mere happening of a rear-end collision of two motor vehicles, without evidence of the circumstances under which it happened, is not proof of negligence of either driver." *Brehm*, 206 Md. at 508.

Finally, Plaintiffs contend that their efforts to prove their case have been thwarted by Mr. Brown's refusal to participate in the discovery process.  However, Plaintiffs' speculation that Mr. Brown might have presented direct evidence of his own negligence is unsupported.  No such inference can be drawn.

Defendants' second contention is that application of Maryland's "boulevard rule" warrants summary judgment in this case.  Because Plaintiffs have failed to meet their burden to adduce sufficient evidence of negligence to survive a summary judgment motion, this Court need not determine whether the boulevard rule applies to the area where the accident occurred, or whether Plaintiffs have created a genuine issue of material fact regarding application of the boulevard rule by testifying that the impact occurred outside of the area of Plaintiffs' merge onto I-70.

**Conclusion**

Based on the foregoing, the Court GRANTS Defendants' motion for summary judgment.  A separate order follows.


Dated: September 14, 2012                    _____/s/_____
                                             Stephanie A. Gallagher
                                             United States Magistrate Judge